# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| KINDER MORGAN LIQUIDS TERMINALS, LLC, *et al.,* | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3225 |
| PONNS & CO., INC., *et al.,* | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiffs Kinder Morgan Liquids Terminals, LLC and Kinder Morgan Energy Partners, LP (collectively "Kinder Morgan"), sued Ponns & Co., Inc. and Colony Insurance Company in Texas state court. The Texas case was related to a suit filed in Pennsylvania state court against Kinder Morgan and Ponns & Co. by an individual who was injured on a construction site. Kinder Morgan and Ponns & Co. had allegedly contracted for the performance of construction services on that site.

The original petition filed in the Pennsylvania state court by the injured employee alleged that Kinder Morgan Liquids Terminals, LLC was a corporation organized under Pennsylvania law and had its principal place of business in Pennsylvania, and that Kinder Morgan Energy Partners, LP, was a corporation organized under Texas law with its principal place of business in Texas. The original petition filed in the Texas state court by Kinder Morgan alleged that Kinder Morgan Liquids Terminals, LLC and Kinder Morgan Energy

Partners, LP were respectively a Delaware limited liability company and a Delaware limited partnership with their principal places of business in Houston, Texas.  Ponns & Co. is a Delaware corporation.  Ponns & Co. filed a removal notice in the Texas case on October 10, 2006, stating that removal was based on diversity.  The removal notice stated:

> According to Plaintiffs' Original Petition, Plaintiff Kinder Morgan Liquids Terminals, LLC (hereinafter "LLC") is a Delaware limited liability company.  Plaintiff Kinder Morgan Energy Partners, LP (hereinafter "LP") is a Delaware limited partnership.  As such, both plaintiffs are citizens of the states whereby their general partners and/or limited partners reside.

(Docket Entry No. 9, Ex. C).  Colony filed its notice of removal the following date.

This court granted Kinder Morgan's motion to remand based on the undisputed record showing that the general partner of Kinder Morgan Energy Partners, LP—Kinder Morgan G.P., Inc., a limited partnership—is a Delaware corporation.  The information was included in Kinder Morgan's public filings with the Securities and Exchange Commission.  Because a limited partnership is a citizen of every state in which its limited or general partners are citizens, Kinder Morgan Energy Partners, LP is a Delaware citizen.  Ponns & Co. is also a Delaware citizen; complete diversity was clearly not present.

Kinder Morgan asserts that Colony agreed to remand after talks between counsel.  According to counsel for Kinder Morgan, Ponns & Co. did not agree to the remand or even discuss the issue.  According to counsel for Ponns & Co., the lawyers did discuss the issue, although it is unclear when that occurred.  Ponns & Co. asserts that it would not agree to remand without Kinder Morgan agreeing to waive its claim for fees under 28 U.S.C.

2

§ 1447(c), which Kinder Morgan declined.  Absent agreement, Kinder Morgan filed the remand motion, which this court granted.

Kinder Morgan sought $1,781.50 in fees for 8.9 hours spent on the remand motion. This court found that an award of fees was appropriate because there was no objectively reasonable basis for seeking removal, but that the record did not allow the court to determine a reasonable fee amount.  In particular, the basis for requiring Ponns & Co. to bear the entire amount of the fees incurred in moving to remand and the reasonableness of spending 8.9 hours on the motion to remand were unclear.  This court granted the motion to remand and allowed Kinder Morgan to supplement its fee request.  Kinder Morgan did so timely and Ponns & Co. responded.

Title 28 U.S.C. § 1447(c) authorizes the court to "require payment of just costs and any actual expenses, including attorney fees incurred as a result of removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005).  This court has determined that there was no objectively reasonable basis to remove in this case.  The additional briefs and submissions confirm that finding.

Ponns & Co. argues that the allegations in the related suit in Pennsylvania (filed against Kinder Morgan), which identified Kinder Morgan Liquids Terminals, LLC as existing under the laws of Pennsylvania and Kinder Morgan Energy Partners, LP as existing under the laws of Texas, were "inconsistent" with the allegations in the removed Texas state

3

court petition (filed by Kinder Morgan).   In the Texas case, Kinder Morgan Liquids Terminals, LLC and Kinder Morgan Energy Partners, LP alleged that they were respectively a Delaware limited liability company and a Delaware limited partnership.   According to Ponns & Co., it had insufficient information to conclude from the state court petition filed in Texas that Kinder Morgan Energy Partners, LP was a Delaware citizen, as alleged in that petition.

The problem with that argument is that even if Ponns & Co. was uncertain as to the citizenship of the Kinder Morgan entities, the relevant information was readily available.   In its removal notice, Ponns & Co. alleged the proper test under *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990):  diversity of citizenship when a limited partnership is a party is determined by considering the citizenship of each partner, both limited and general. Neither the state of organization nor principal place of business is relevant.  The courts have consistently held that when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be.  *See, e.g.*, *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006) ("A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships."); *Aetna Cas. & Sur. Co. v. Iso-Tex, Inc.*, 75 F.3d 216, 218 (5th Cir 1996).  The information as to the citizenship of Kinder Morgan Energy Partners, LP's partners was publicly available.  There was no objectively reasonable basis for removal.

4

Kinder Morgan has presented additional information explaining the amount of time it spent in researching the law and facts and in filing the remand motion. This court concludes that the time and the rates charged (using an associate for the legal research) are both reasonable. Kinder Morgan has also presented additional justification for seeking to hold Ponns & Co. solely liable for the fees; unlike Colony, Ponns & Co. did not agree to remand. Ponns & Co. appears to argue that it was justified in refusing to agree to remand because Kinder Morgan refused to waive its claim for fees under Section 1447(c). This argument is unpersuasive. The removal was unreasonable without regard to the fee issue. Refusing to agree to remand because Kinder Morgan would not waive a claim for fees for improvident removal only increased the amount of fees that would be claimed. However, given that Colony also filed a notice of removal, and given that the record reveals that Kinder Morgan acknowledges that it had to research the law and have extensive discussions with Colony before filing the remand motion, it is inappropriate to hold Ponns & Co. solely responsible for the fees. As a result, this court awards Kinder Morgan fees under Section 1447(c) against Ponns & Co. in the amount of $890.75—half the fees incurred. The fees are to be paid no later than **January 12, 2007**.

SIGNED on December 12, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge